# Curry's Appeal.

It is error to appropriate to a void judgment, money made by the sale of the defendant's real estate.

APPEAL from the Court of Common Pleas of *Erie county*.

This case depends upon that of Lytle *v.* Colt's Executors. The real estate of James Lytle, the defendant below in that case, was sold, and the proceeds of sale were brought into court for distribution. An auditor was appointed, who allowed to the judgment of Colt's executors, for use of Marvin *v.* Lytle, the full amount appearing to be due upon it, upon the ground that the court below had refused to set it aside.

The case was submitted without argument by

*Marshall* and *Grant*, for appellant.

[Curry's Appeal.]

*Babbitt* and *Spencer*, for appellee.

The opinion of the court was delivered, November 7, 1856, by
LOWRIE, J.—Our judgment just entered in the case of Lytle *v.*
Colt's Executors, requires that this decree of distribution should
be reversed, so far as relates to the claim in that case.   But we are
not able to reform the decree so as to enter a final one, because
we have not been furnished with the list of liens, and do not know
how much remains yet due to the judgment of Hamilton and
Wainwright.   We must, therefore, reverse the decree and refer
the case back to the Common Pleas for correction.

Decree reversed accordingly, at the cost of Elihu Marvin.